J-S16036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SALIM D. BROKENBOROUGH | |
| Appellant | No. 1606 MDA 2014 |

Appeal from the PCRA Order September 12, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001775-2010

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 18, 2015**

Salim D. Brokenborough appeals from the order entered September 12, 2014, that dismissed, after an evidentiary hearing, his first petition seeking relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541–9546.[1]  In this appeal, Brokenborough claims

---

[1] Initially, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the issues raised in Brokenborough's amended PCRA petition.  Those issues are discussed in the PCRA court's December 23, 2013 opinion, that accompanied the order of Rule 907 notice.

The evidentiary hearing was held after Brokenborough filed a supplemental PCRA petition in response to the PCRA court's Rule 907 notice, and raised the claim that trial counsel was ineffective in failing to timely convey a plea offer.  The claim of ineffectiveness in failing to timely convey a plea offer was the only issue presented at the hearing.  This issue is addressed in the PCRA court's decision filed September 12, 2014, that accompanied the order dismissing Brokenborough's amended PCRA petition and supplemental PCRA petition.

trial counsel was ineffective in failing to (1) timely convey a plea offer made by the Commonwealth, (2) raise sufficiency of the evidence on appeal, and (3) object to Agent Carolina's expert qualifications. *See* Brokenborough's Brief, at 4. Based upon the following, we affirm.

As we write primarily for the parties who are well acquainted with the factual and procedural history, we need not reiterate the background of the case, which has been fully set forth in the PCRA court's decisions. *See* PCRA Court Opinion, 9/12/2014, at 1–4; PCRA Court Opinion, 12/23/2013, at 1–6. Briefly, the underlying case involved a criminal conspiracy in trafficking cocaine and marijuana to customers in several counties from Philadelphia to Lancaster.[2] Brokenborough proceeded to a jury trial with four of his co-conspirators, of which there were eight originally. He was convicted of three counts of delivery or possession with intent to deliver a controlled substance, corrupt organizations, criminal conspiracy, and criminal use of communication facility. The trial court sentenced Brokenborough to an aggregate sentence of 10 to 20 years' incarceration. On appeal, this court affirmed the judgment of sentence. *Commonwealth v. Brokenborough*, 81 A.3d 993 (Pa. Super. 2013) (unpublished

---

[2] A detailed factual background of this case is set forth in this Court's published decision in *Commonwealth v. Huggins*, 68 A.3d 962 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013). Huggins was one of Brokenborough's co-conspirators.

memorandum). Brokenborough then filed a timely *pro se* PCRA petition, after which counsel was appointed, an evidentiary hearing was held, and relief was denied. This appeal followed.[3]

Initially, we note the legal principles that guide our review:

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Sam***, 597 Pa. 523, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. ***Commonwealth v. Pitts***, 603 Pa. 1, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. ***Commonwealth v. Henkel***, 2014 PA Super 75, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Id.***

… "It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness." ***Commonwealth v. Ligons***, 601 Pa. 103, 971 A.2d 1125, 1137 (Pa. 2009); ***see also Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987) ("We . . . presume that counsel is acting effectively."); ***accord Strickland v. Washington***, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (establishing the elements a defendant must prove to show IAC). As the Supreme Court of the United States has stated, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,' and . . . the burden to 'show that counsel's performance was deficient' rests squarely on the defendant." ***Burt v. Titlow***, 134 S. Ct. 10, 17, 187 L. Ed. 2d 348 (2013) (quoting ***Strickland***, 466 U.S. at 687, 690).

---

[3] Brokenborough timely filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal in response to the order of the PCRA court.

> To prevail on an IAC claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. ***Commonwealth v. Baumhammers***, 92 A.3d 708, 719 (Pa. 2014) (citing ***Pierce***, 527 A.2d at 975-76). A petitioner must prove all three factors of the "***Pierce*** test," or the claim fails. ***Id***. In addition, on appeal, a petitioner must adequately discuss all three factors of the "***Pierce*** test," or the appellate court will reject the claim. ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014).

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779–780 (Pa. Super. 2015) (*en banc*).

The first issue raised by Brokenborough is a claim of trial counsel's ineffectiveness for failing to timely convey a plea offer made by the Commonwealth. The PCRA court, following an evidentiary hearing, rejected Brokenborough's claim. ***See*** N.T., 7/17/2014. We have carefully reviewed the record, the parties' respective briefs, and the applicable law. Having done so, we conclude the PCRA judge, the Honorable David L. Ashworth, correctly and cogently analyzed this issue, and no further discussion is warranted. Therefore, we adopt Judge Ashworth's extensive, well-supported September 12, 2014 opinion as dispositive of Brokenborough's first claim of ineffectiveness. ***See*** PCRA Court Opinion, 9/12/2014, at 5–11.

Brokenborough next claims counsel was ineffective for failing to raise the issue of the sufficiency of the evidence on appeal.[4] Specifically, Brokenborough states: "The PCRA court incorrectly found that the totality of the evidence presented at trial by the Commonwealth was sufficient to establish that Mr. Brokenborough delivered or possessed with intent to deliver a controlled substance on at least three occasions and concluded, therefore, that an appeal on this basis would have been unsuccessful." Brokenborough's Brief, at 13.

Brokenborough also disputes the PCRA court's finding that the trial record established that the Commonwealth presented sufficient evidence to meet its burden of proof on the charge of corrupt organizations. Brokenborough contends he "did not know the basic structure of the enterprise nor was he aware of what, if any, role he played in the alleged distribution scheme." *Id.* at 13. He states he "knew the names of no other co-conspirators in the alleged drug organization." *Id.* Brokenborough asserts that an appeal on this basis had merit and would have been successful. *Id.*

---

[4] Following the conclusion of the Commonwealth's case at trial, trial counsel joined in the motion for judgment of acquittal on the basis of insufficiency of the Commonwealth's evidence. The trial court denied the motion. N.T., 4/18/2011, at 1488–1489.

Brokenborough adds that his "convictions for criminal conspiracy and corrupt use of a communications facility similarly lacked sufficient evidentiary support." *Id.* at 14.

The relevant statute regarding possession with intent to deliver prohibits the following:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

Regarding corrupt organizations, Section 911 of the Crimes Code provides, in pertinent part:

> It shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

18 Pa.C.S. § 911(b)(3). The term "enterprise" is defined as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity, engaged in commerce and includes legitimate as well as illegitimate entities and governmental entities." 18 Pa.C.S. § 911(h)(3). "Racketeering activity" is defined to include any violation of Section 780-113 of The Controlled Substance, Drug, Device and Cosmetic Act. 18 Pa.C.S. § 911(h)(1)(ii). "Racketeering activity" is also defined to include, *inter alia*, a

conspiracy to commit any of the offenses set forth in subparagraph (ii). 18 Pa.C.S. § 911(h)(1)(iii). A "pattern of racketeering activity" means "a course of conduct requiring two or more acts of racketeering activity one of which occurred after the effective date of this section." 18 Pa.C.S. § 911(h)(4).

With regard to criminal conspiracy, the Crimes Code provides, in relevant part:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he … agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime[.]

18 Pa.C.S. § 903(a)(1).

Finally, the Crimes Code defines criminal use of a communication facility as follows:

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S. § 7512(a).

The charges against Brokenborough arose from his role in supplying co-defendant David Lambert with cocaine and marijuana for Lambert's drug business. The PCRA court, in evaluating the arguable merit of the

underlying sufficiency claim, concluded the totality of the evidence established Brokenborough delivered or possessed with intent to deliver on at least three occasions, namely, September 14, 2008, September 16, 2008, and September 29, 2008.[5] *See* PCRA Court Opinion, 12/23/2013, at 10. In reaching this conclusion, the PCRA court reasoned:

> The Commonwealth's evidence at trial to support the drug delivery charges included: intercepted telephone conversations between Lambert and [Brokenborough]; intercepted telephone conversations between Lambert and others in which [Brokenborough] or his drugs were discussed; interpretation of language used in these conversations by Agent David Carolina, who had been qualified and accepted as an expert in the "interpretation of drug and street jargon"; testimony of surveillance agents; testimony of agents who conducted search warrants and seized various items which included cocaine and marijuana; and the testimony of Felicia Cooper and Justin Judd, who were co-conspirators in the corrupt organization. This evidence, when considered in its entirety, clearly presented sufficient circumstantial evidence from which the jury could conclude that Lambert and [Brokenborough] engaged in each controlled substance delivery for which they were charged. The calls set up the players, the time, the drug, the quantity, and the price. The deliveries were confirmed in various instances by follow-up calls complaining about the quantity or the quality of the drug, by calls which asked to do it again, or by agents who were surveilling the meet as explained in the telephone conversations.
>
> Cooper and Judd confirmed the fact that Lambert delivered cocaine and marijuana, as well as the fact that they had used the substances and knew from personal use that the substances, in fact, were cocaine and marijuana. Additionally, cocaine and marijuana were seized from Judd, who testified that Lambert

_____

[5] The PCRA court noted that "[o]ne of the three counts of delivery or possession with intent to deliver was withdrawn by the Commonwealth at sentencing, however." PCRA Court Opinion, 12/23/2013, at 10 n.11.

had delivered them, which was corroborated by telephone calls. These substances tested positive for cocaine and marijuana. Cocaine was also recovered from co-defendant David Huggins which tested positive for cocaine. The co-conspirators' testimony, as well as the drug seizures, corroborates the fact that Brokenborough sold cocaine and marijuana to Lambert, who in turn sold it to the other co-conspirators, which corroborates the interpretations by Agent Carolina that [Brokenborough] sold cocaine and marijuana to Lambert.

Evidence supporting the fact that the charged deliveries occurred came from other conversations which discussed the quality or quantity of drugs delivered, conversations in which Lambert told others that he had received the drugs, or observations made by surveillance agents who were in place based on the arrangements made in the telephone conversations. The actual observation of an exchange between [Brokenborough] and Lambert is not necessary to prove a delivery beyond a reasonable doubt. Moreover, the seizure of drugs from [Brokenborough] was also not necessary to prove beyond a reasonable doubt that [Brokenborough] delivered cocaine and marijuana to Lambert. It is well established in this Commonwealth that the identity of an illegal drug may be established by circumstantial evidence without ever producing the actual contraband at trial. **Commonwealth v. Rickabaugh,** 706 A.2d 826, 844 (Pa. Super. 1997). …

PCRA Court Opinion, 12/23/2013, at 11–13 (record citations and footnote omitted).

The PCRA court further opined that the evidence satisfied the elements of the offense of corrupt organizations, in that "[Brokenborough] and his seven co-conspirators engaged in at least three acts of selling drugs,"[6] "'[t]he David Lambert Organization' was a group of individuals associated in

---

[6] PCRA Court Opinion, 12/23/2013, at 15.

- 9 -

fact and engaged in commerce, *i.e.*, the illegal sale of drugs,"[7] and Lambert's reference to a customer in an intercepted phone call with Brokenborough, and the weight and frequency of the purchases, would provide Brokenborough with information that Lambert was not using all the cocaine and marijuana himself.[8] The PCRA court specifically noted, "There is no requirement that [Brokenborough] personally knows the other individuals involved in the conspiracy and/or corrupt organization." PCRA Court Opinion 12/23/2013, at 16–17, *citing* 18 Pa.C.S. § 903(b) and ***Commonwealth v. Donahue***, 630 A.2d 1238, 1246 (Pa. Super. 1993) ("[Defendant] knew the basic structure of the enterprise and was aware of his role in the distribution scheme. It was not necessary that he specifically know each person associated with the enterprise.").

In addition, the PCRA court found that the evidence supporting the crimes of delivery or possession with intent to deliver and corrupt organizations also supported the criminal conspiracy conviction. Finally, the PCRA court found the evidence also showed Brokenborough had used a

---

[7] ***Id.*** at 16.

[8] ***See id.*** at 16.

phone to arrange the drug deliveries, which supported his conviction for criminal use of a communication facility.[9]

Based on our review, we conclude the record confirms the PCRA court's determination that Brokenborough's sufficiency claim lacks arguable merit. It is well established that appellate counsel cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Lawrence**, 960 A.2d 473, 478 (Pa. Super. 2008). Here, the PCRA court applied the correct legal standards for analyzing ineffectiveness and sufficiency of the evidence, and thoroughly evaluated the evidence under the applicable criminal statutes. **See** PCRA Court Opinion, 12/23/2013, at 9–20. As we agree with the PCRA court that the record in this case did not warrant a sufficiency challenge on appeal, no PCRA relief is due on this ineffectiveness claim.

Lastly, Brokenborough argues that trial counsel was ineffective in failing to object to the qualifications of Agent Carolina as an expert.[10]

_____

[9] The PCRA court noted that the criminal use of communication facility charge was withdrawn by the Commonwealth at sentencing. **See** PCRA Court Opinion, 12/23/2013, at 18 n.13.

[10] In Brokenborough's direct appeal, he raised a challenge to Agent Carolina's testimony as both an expert and a fact witness. This Court rejected Brokenborough's claim, citing to the decision in the direct appeal of one of Brokenborough's co-defendants, **Commonwealth v. Huggins** 68 A.3d 962, 967 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013), wherein this Court held that the agent could testify in a dual role. **See Commonwealth v. Brokenborough**, 81 A.3d 993 (Pa. Super. 2013) (unpublished memorandum).

Specifically, Brokenborough argues Agent Carolina had never been qualified as an expert prior to his trial. Brokenborough contends trial counsel had no strategic reason for failing to object to Agent David Carolina's qualifications in order to try to prevent his testimony from being admitted at trial.

In reviewing this ineffectiveness claim, we note:

The standard for qualification of an expert witness is a liberal one. The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. *Commonwealth v. Wallace*, 2002 PA Super 367, 817 A.2d 485 (Pa. Super. 2002). If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine. *Id*. A witness does not need formal education on the subject matter of the testimony, and may be qualified to render an expert opinion based on training and experience. The qualification of a witness as an expert rests within the sound discretion of the trial court, and the courts determination in this regard will not be disturbed absent an abuse of discretion.

*Commonwealth v. Serge*, 837 A.2d 1255, 1260 (Pa. Super. 2003), *aff'd*, 586 Pa. 671, 896 A.2d 1170 (Pa. 2006), *cert. denied*, 549 U.S. 920 (2006).

At trial, Agent Carolina was offered as an expert in the areas of cocaine, marijuana, wiretap investigations, and in the interpretation of drug and street jargon. *See* N.T., 4/6/2011, at 424. The PCRA court opined: "All defense counsel rigorously cross-examined the proferred expert about his qualifications, notably pointing out that it was Agent Carolina's first time testifying as an expert." PCRA Court Opinion, *id.* at 30. The PCRA court noted that none of the defense attorneys objected to the Commonwealth's request that the court accept Agent Carolina as an expert. *Id.* The PCRA

- 12 -

court found the absence of any objection "suggest[ed] that there was a consensus among counsel for [Brokenborough's] co-defendants that Agent Carolina possessed the requisite education, training, and experience to give expert opinions in these areas." *Id.* at 29. The PCRA court further opined that the court properly allowed the expert testimony of Agent Carolina based on his qualifications, despite the fact that it was his first time testifying as a trial expert, summarizing Agent Carolina's qualifications, as follows:

> After leaving the Philadelphia Police Department in 2001, Agent Carolina joined the Pennsylvania Office of the Attorney General where he was involved in over 200 drug investigations in nine years. (N.T., Trial at 417–18). His training included the Attorney General Academy, the Drug Enforcement Administration's Basic Narcotics School, the Pennsylvania State Police Wiretap School, the Department of Justice Interdiction Training, the Attorney General Meth School, and Pennsylvania Top Gun, a narcotics school. (Id. at 420.) Agent Carolina's experience included undercover narcotics work (Id. at 421), and wiretap of over 6,000 intercepted conversations. (Id. at 422–23.).

PCRA Court Opinion, 12/23/2013, at 32 n.18.

Based on our review, we agree with the PCRA court that Brokenborough's ineffectiveness claim lacks arguable merit. While this case was Agent Carolina's first time testifying as an expert, that fact of itself does not disqualify him as every expert witness testifies for the first time at some point. Furthermore, we find no abuse of discretion in the PCRA court's reasoning that the "consensus" of defense counsel serves to show that Brokenborough's trial counsel's decision not to object was reasonable. Finally, to the extent Brokenborough argues for the first time in this appeal

that because Agent Carolina testified to issues of ultimate fact trial counsel should have objected to allowing Agent Carolina to testify, we find this argument likewise fails. In this regard, this Court, in deciding the direct appeal of one of Brokenborough's co-conspirators, opined:

> Based upon a plain meaning interpretation of the various rules at play, when read in *pari material*, we conclude that the rules do not preclude a single witness from testifying, or offering opinions, in the capacity as both a lay and expert witness on matters that may embrace the ultimate issues.

***Commonwealth v. Huggins***, 68 A.3d 962, 967 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013).

It is evident that counsel had no meritorious grounds upon which to object to Agent Carolina's qualifications, and, had counsel objected, the court would have overruled his objection. Counsel cannot be deemed ineffective for failing to raise a meritless objection. Therefore, we conclude that the PCRA court properly rejected Brokenborough's claim that trial counsel was ineffective in not objecting to Agent Carolina's qualifications as an expert witness.

Order affirmed.[11]

---

[11] In the event of further proceedings, the parties are directed to attach a copy of Judge Ashworth's September 12, 2014 opinion to this memorandum, regarding Brokenborough's PCRA claim that trial counsel was ineffective for failing to timely convey a favorable plea offer made by the Commonwealth.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2015

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA :

v. : No. 1775 - 2010

SALIM BROKENBOROUGH :

OPINION

BY:   ASHWORTH, J., SEPTEMBER 12, 2014

Salim Brokenborough has filed a supplemental motion pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541-9546, in response to this Court's

Pa. R.Crim.P. 907 Notice.  Following an evidentiary hearing in this matter,

Brokenborough's amended motion and supplemental motion will be dismissed.


I.     Background

The factual and procedural history of this case may be briefly summarized as

follows.[1]  As a result of a Grand Jury Presentment, a criminal complaint was filed

against Petitioner on October 22, 2009.  The charges included corrupt organizations,

criminal conspiracy, criminal use of communication facility, and violations of the

Controlled Substance, Drug, Device and Cosmetic Act.[2]

---

[1]For a more detailed discussion of the factual and procedural history of this case, see
this Court's previous opinions dated October 6, 2011, November 21, 2011, and December 23,
2013.

[2]18 Pa. C.S.A. § 911(b)(3)(4), 18 Pa. C.S.A. § 903, 18 Pa. C.S.A. § 7512(a), and 35
P.S. § 780-113(a)(30), respectively.

The case proceeded to a jury trial on April 4, 2011, at the conclusion of which Petitioner was found guilty of corrupt organizations, criminal conspiracy, criminal use of communication facility, as well as two counts of delivery or possession with intent to deliver a controlled substance. On August 4, 2011, Petitioner received an aggregate sentence of 10 to 20 years' incarceration.[3] A post sentence motion to modify sentence was denied by Opinion and Order dated October 6, 2011.

Petitioner filed a direct appeal to the Superior Court of Pennsylvania (1875 MDA 2011)[4] where this Court's judgment of sentence was affirmed in an unpublished memorandum opinion. No petition for allowance of appeal was filed with the Supreme Court of Pennsylvania.

Petitioner filed a timely *pro se* petition for post conviction collateral relief. Jeffrey A. Conrad, Esquire, was appointed to represent Petitioner on his collateral claims. On August 12, 2013, a counseled amended motion was filed, in which Brokenborough claimed ineffective assistance by trial counsel in the following particulars: (1) failure to raise the insufficiency of the evidence on appeal; (2) failure to object to jurisdiction and

---

[3]Brokenborough received consecutive sentences of five to ten years for criminal conspiracy and five to ten years for one charge of delivery or possession with intent to deliver. Brokenborough received concurrent sentences of 21 to 42 months for corrupt organizations, and 2 to 4 years for an additional delivery or possession with intent to deliver conviction. One count of delivery or possession with intent to deliver and the criminal use of communication facility charge were withdrawn by the Commonwealth at sentencing.

[4]Pursuant to this Court's directive, Brokenborough furnished a statement of errors complained of on appeal which raised two issues: (1) whether the Court erred by allowing Agent Carolina to testify in the dual role of case agent and expert witness and to draw conclusions from and summarize facts for the jury beyond the scope of his expertise; and (2) whether the Court erred in failing to set aside the jury's verdict imposing mandatory minimum sentences relating to the weight of controlled substances without the presence of physical evidence. My Rule 1925(a) Opinion of November 21, 2013, addressed these issues for the appellate court.

venue in Lancaster County; (3) failure to request severance of Petitioner's case from his co-defendants; (4) failure to object to the qualification of Agent Carolina as an expert witness; (5) eliciting prejudicial testimony regarding Petitioner's incarceration status; and (6) failure to request a Kloiber[5] instruction.[6] (*See* Amended Petition at ¶¶ 13-39.) The Commonwealth filed a response on December 19, 2013, arguing that Petitioner was not entitled to relief and asking the Court to deny the amended motion without a hearing.

By Order and Opinion dated December 23, 2013, I gave notice, pursuant to Pa. R.Crim.P. 907, of my intention to dismiss Salim Brokenborough's amended PCRA motion without further proceedings. Brokenborough was given 30 days to either file an amended motion or to otherwise respond to the notice. Petitioner filed a counseled supplemental PCRA motion on January 17, 2014, alleging, for the first time, ineffective assistance of counsel due to counsel's failure to convey a favorable plea offer made by the Commonwealth prior to trial.[7] An evidentiary hearing was held on July 17, 2014,

---

[5]Commonwealth v. Kloiber, 378 Pa. 412, 106 A.2d 820 (1954).

[6]Although the counseled motion initially contained a seventh claim alleging that trial counsel should have preserved for, and raised on, appeal the issue of a violation of Batson v. Kentucky, 476 U.S. 79 (1986), that claim was subsequently withdrawn from the motion.

[7]Petitioner filed a *pro se* amended petition in response to the Rule 907 Notice on January 3, 2014, in which he raised a **Batson** claim, which had previously been withdrawn by Brokenborough's appointed counsel, and additional ineffective assistance of counsel claims, including the plea offer issue. An order was entered on January 8, 2014, rejecting this filing because Petitioner is represented by counsel and, as a criminal defendant, Petitioner has no constitutional right to hybrid representation during PCRA proceedings. **Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032, 1038-40 (2011); **Commonwealth v. Pursell**, 555 Pa. 233, 724 A.2d 293, 302 (1999); **Commonwealth v. Ellis**, 534 Pa. 176, 626 A.2d 1137, 1139 (1993); **Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011). *See also* Pa.R.Crim.P. 576(A)(4).

3

where Brokenborough and his trial counsel, Cory Miller, Esquire, provided testimony. Briefs having been filed by the parties, this matter is ripe for disposition.

## II.    Eligibility for PCRA Relief

Petitioner has raised a single claim of ineffective assistance of counsel in his supplemental motion for post-conviction collateral relief. In order to prevail on a claim of ineffective assistance of counsel made in the post conviction context, a petitioner must overcome the presumption that counsel is effective by establishing by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) trial counsel had no reasonable basis for proceeding as he did; and (3) the petitioner suffered prejudice. *See* 42 Pa. C.S.A. § 9543(a)(2)(ii); **Spotz**, 616 Pa. at 187, 47 A.3d at 76 (*citing* **Commonwealth v. Pierce**, 515 Pa. 153, 158-59, 527 A.2d 973, 975-76 (1987)).

With respect to whether counsel's acts or omissions were reasonable, defense counsel is accorded broad discretion to determine tactics and strategy. **Commonwealth v. Fowler**, 447 Pa. Super. 534, 540, 670 A.2d 153, 155-56 (1996). The applicable test is not whether alternative strategies were more reasonable, employing a "hindsight" evaluation of the record, but whether counsel's decision had *any* reasonable basis to advance the interests of the defendant. **Commonwealth v. Chmiel**, 612 Pa. 333, 361, 30 A.3d 1111, 1127 (2011). The appellate courts will conclude that counsel's chosen strategy lacked a reasonable basis only if the petitioner proves that "an alternative not chosen offered a potential for success substantially

4

greater than the course actually pursued." Id. at 361-62, 30 A.3d at 1127 (*quoting* **Commonwealth v. Williams**, 587 Pa. 304, 312, 899 A.2d 1060, 1064 (2006)).

To establish the prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. **Chmiel**, 612 Pa. at 362, 30 A.3d at 1127-28. "We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." Id. (*quoting* **Commonwealth v. Paddy**, 609 Pa. 272, 292, 15 A.3d 431, 443 (2011)).

## III.    Discussion

Petitioner has averred in his supplemental motion that trial counsel "never informed him of the Commonwealth's favorable offer" of eight years' incarceration in exchange for a plea of guilty (Supplemental Motion for Post-Conviction Collateral Relief at ¶ 3.) He further testified at the PCRA hearing that he "never seen [sic] the deal" and that Miller never conveyed the Commonwealth's offer to him. (N.T., PCRA Hearing at 25-26.) However, in his post-hearing brief, Appellant admits that his trial counsel did properly inform him of the Commonwealth's plea offer but he alleges, for the first time, that the offer was communicated only *after* the expiration of the offer. (Brief in Support of Defendant's Post-Conviction Collateral Relief at 2-3.)

It is undisputed that trial counsel had a duty to communicate any offer to his client. In **Missouri v. Frye**, — U.S. —, 132 S.Ct. 1399 (2012), the United States

5

Supreme Court held that the defendant established a claim of ineffective assistance of counsel because, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant." — U.S. at —, 132 S.Ct. at 1408. Specifically, in **Frye**, defense counsel did not inform the defendant of the plea offer; and after the offer lapsed the defendant still pleaded guilty, but on more severe terms. Under these facts, the Frye Court held that counsel could be held ineffective for "allow[ing] the offer to expire without advising the defendant or allowing him to consider it." Id. Thus, it is well-settled that counsel will be guilty of ineffective assistance for failing to communicate a plea offer in a timely manner.

At the PCRA hearing in the instant case, trial counsel, Cory Miller, acknowledged that he received a plea offer from the Commonwealth. (N.T., PCRA Hearing at 9; see also Petitioner's Exhibit No. 1.) The Assistant Attorney General in the case, Iva Dougherty, offered an aggregate sentence on all counts of eight years. (Id. at 11; see also Petitioner's Exhibit No. 1.) The offer was made on August 16, 2010, and it expired on August 27, 2010. (See Petitioner's Exhibit No. 1.)

While Miller testified that he never "had an opportunity" to provide a copy of the offer to Petitioner (N.T., PCRA Hearing at 11), he "distinctly recall[ed] eight years" (Id. at 15), and clearly remembered communicating the offer to Petitioner by telephone[8] (Id. at 15-16), and discussing it with him "in detail." (Id. at 11-12.) He recalled that he

_____

[8]Petitioner was being held at that time in a federal detention center in Philadelphia. (N.T., PCRA Hearing at 9, 20, 32.)

6

became aware of the offer "in the summer months" and that the parties were approaching "a trial or pretrial motion hearing" date or "something . . . of significance."[9] (Id. at 12.)

In response to PCRA counsel's questioning as to exactly when he provided the offer to Petitioner, Miller stated that he could not specifically recall when it was but "it wasn't in the wintertime because it was rather warm outside." (N.T., PCRA Hearing at 13.) He continued: "I can say that it was clearly before the trial, because we were getting close to trial and our minds were already made up." (Id.)

Miller specifically recalled Petitioner laughing at the offer when it was presented to him and that Miller agreed that it was an "extreme offer" and they were better off going to trial. (N.T., PCRA Hearing at 13-14.) However, Miller remarked that an offer "is important; make no mistake." (Id. at 16.) He added: "If this is an offer that my client is interested in taking, then that's what we'll do. I'm not going to talk him out of an offer." (Id.) Which is why Miller specifically recalled asking his client twice during their telephone conversation to be sure it was Petitioner's intention to reject the offer and to go to trial. (Id. at 18.)

Miller further testified, "with certainty," that he requested an offer from the Commonwealth for his client. (N.T., PCRA Hearing at 17.) The offer of eight years in prison "absolutely stands" out in his memory. (Id.) Miller concluded his testimony by

---

[9]A scheduling order was entered on August 23, 2010, requiring the filing of all pre-trial motions by October 29, 2010, and scheduling a hearing on all pre-trial motions for January 31, 2011, and a three-week trial for April 4. (See Order of August 23, 2010.) This scheduling order was filed during the 12-day period that the Commonwealth's plea offer was open.

7

asserting that Petitioner's allegation that he failed to communicate the plea offer to Petitioner is simply false. (Id. at 17-18.)

Based upon the testimony set forth above, Petitioner retracts from his initial position that trial counsel *never* informed him of the Commonwealth's "favorable offer." (Supplemental Motion for Post-Conviction Collateral Relief at ¶ 3; N.T., PCRA Hearing at 25-26.) Rather, he now argues that Miller only communicated the offer "on or about the time of trial in April of 2011" and that it was "a laughing matter because the time to take advantage of the offer had come and gone." (*See* Brief in Support of Defendant's Post-Conviction Collateral Relief at 3.) This is an unfair misrepresentation of Miller's testimony and must be rejected. The evidence clearly establishes that Miller made a timely communication of the offer to Petitioner and that Petitioner rejected it.

Even assuming, *arguendo*, that Miller rendered deficient performance by either failing to communicate the plea offer entirely or communicating it after the expiration of the offer, Petitioner must also establish prejudice in order to successfully raise such an ineffectiveness claim. To establish prejudice in this regard,

> defendants must demonstrate a reasonable probability they would
> have accepted the earlier plea offer had they been afforded effective
> assistance of counsel. Defendants must also demonstrate a
> reasonable probability the plea would have been entered without the
> prosecution canceling it or the trial court refusing to accept it, if they
> had the authority to exercise that discretion under state law. To
> establish prejudice in this instance, it is necessary to show a
> reasonable probability that the end result of the criminal process
> would have been more favorable by reason of a plea to a lesser
> charge or a sentence of less prison time.

Frye, — U.S. at —, 132 S. Ct. at 1409. *See also* **Commonwealth v. Hernandez, 79**

8

A.3d 649, 653 (Pa. Super. 2013). A PCRA petitioner bears the burden of proof, and that burden is a preponderance of the evidence standard. 42 Pa. C.S.A. § 9543(a).

The only evidence to support the notion that Petitioner would have accepted the Commonwealth's offer of an eight-year aggregate sentence is Brokenborough's own self-serving testimony that he "would have took [sic] it." (N.T., PCRA Hearing at 27.) The only explanation offered as to why Brokenborough would have accepted the offer, despite the perceived weakness of the Commonwealth's case, was that he could have attempted to get the eight-year sentence to run concurrently with a five-year term he was facing for violating federal parole. (Id.)

On the other hand, Miller testified that neither he nor Petitioner thought the Commonwealth's offer was a favorable offer. (N.T., PCRA Hearing at 13-14.) Miller explained that he believed the Commonwealth had a weak case, as there was a lack of physical evidence. (Id. at 6-7, 19.) Also, the fact that the preliminary hearing in this case took two and one-half days to complete indicated to Miller and Petitioner that "the Commonwealth had a very difficult case to put together." (Id. at 16.) As such, Miller testified that Petitioner, after discussing the merits of the case "at length" with Miller, decided to take the case to trial. (Id. at 7; see also 17.) Both parties agreed that their chances were better going to trial (Id. at 14, 17, 18), as "[t]his was a case that could be won." (Id. at 17.)

Miller stated unequivocally that Brokenborough was not going to accept any offer unless it was substantially lower than the eight-year minimum offered by the Commonwealth. (N.T., PCRA Hearing at 19.) Brokenborough made it "very clear" to his trial counsel that he was not going to take an eight-year plea. (Id.) Miller

9

"wholeheartedly" agreed with his client's assessment of the offer. (Id. at 13-14, 16-17, 18-19.)

As noted above, Petitioner needs to establish by a preponderance of the evidence that there was a "reasonable probability" that he would have accepted the plea offer that included an eight-year minimum term of incarceration had it been timely communicated to him by trial counsel, in order to satisfy the prejudice prong of the ineffective assistance of counsel test. **Frye**, — U.S. at —, 132 S. Ct. at 1409. Based upon the record before me, I must conclude that Petitioner has failed to meet his burden of establishing that he suffered any prejudice as a result of his trial counsel's alleged deficient performance with regard to the plea offer.[10] Accordingly, this claim will be dismissed.

As for the remaining claims under the PCRA, I issued an Opinion and Order on December 23, 2013, stating my intention to dismiss those claims, pursuant to Pa.R.Crim.P. 907. Petitioner has failed to provide any additional evidence or argument as to why the remaining claims should not be dismissed. Furthermore, PCRA counsel conceded that a ruling has already been rendered on those other claims. (N.T., PCRA Hearing at 4.) Therefore, Petitioner's remaining PCRA claims will also be dismissed without further proceedings.

---

[10]As Petitioner is unable to establish by a preponderance of the evidence that he would have accepted the offer, it is unnecessary to evaluate the additional requirements that the prosecution would not revoke the offer, if it had the authority to do so, and the trial court would ultimately accept the plea. **Frye**, — U.S. at —, 132 S. Ct. at 1409.

10

IV.     Conclusion

For the reasons set forth above, Brokenborough's amended motion and supplemental motion will be dismissed.

Accordingly, I enter the following:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA    :
                                     :
           v.                :       No. 1775 - 2010
                                       :
SALIM BROKENBOROUGH         :

ORDER

AND NOW, this 12th day of September, 2014, upon consideration of the amended post conviction collateral relief motion of Salim Brokenborough, and the supplement thereto, the briefs filed by the parties, and after an evidentiary hearing in this matter, it is hereby ORDERED that said motions are DISMISSED.

Petitioner is advised that he has the right to appeal from this Order and the right to assistance of counsel in the preparation of that appeal. Petitioner shall have 30 days from the date of this final Order to appeal to the Superior Court of Pennsylvania. Failure to appeal within 30 days will result in the loss of appellate rights.

It is further ORDERED that Petitioner shall have the right, if indigent, to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Pa. R.Crim.P. 122.

I certify this document to be filed in the Lancaster County Office of the Clerk of the Courts.

BY THE COURT:

DAVID L. ASHWORTH
JUDGE

Joshua G. Parsons
Clerk of the Courts
ATTEST:

Copies to:   William R. Stoycos, Senior Deputy Attorney General, Pennsylvania Office of Attorney General, Appeals and Legal Services Section, 16th Floor, Strawberry Square, Harrisburg, PA 17120
Jeffrey A. Conrad, Esquire, Clymer Musser & Conrad, P.C., 408 West Chestnut Street, Lancaster, PA 17608